D. TOBY McLAUGHLIN
Berg & McLaughlin, Chtd.
708 Superior Street, Ste. B
Sandpoint, ID 83864
Telephone: (208)263-4748
Facsimile: (208)263-7557
Idaho Bar No. 7405

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT HERNDON,<br><br>    Plaintiff(s),<br><br>vs.<br><br>DARYL WHEELER, in his official capacity as Sheriff of Bonner County; PHILIP KINZLER, in his official capacity as Bonner County Sheriff's Chaplain; COUNTY OF BONNER, IDAHO,<br><br>    Defendant(s), | NO. 2:09-cv-238<br><br><br>COMPLAINT |

## I. **INTRODUCTION**

1.     Plaintiff SCOTT HERNDON brings this action against Defendants DARYL WHEELER, in his official capacity as Sheriff of Bonner County; PHILIP KINZLER, in his capacity as Bonner County Sheriff's Chaplain; and COUNTY OF BONNER (collectively and individually the "Defendants"), challenging Defendants' policy and practice of prohibiting chaplains and other religious volunteers access to the Bonner County Jail unless they first agree to waive their First Amendment rights.  This is an action for injunctive and declaratory relief brought pursuant to 42 U.S.C. § 1983 for violations of the United States Constitution.

2.     Defendants have barred Plaintiff HERNDON from ministering to inmates incarcerated in the Bonner County jail by denying access to the jail on the grounds that Plaintiff HERNDON provided information to Judge Fred Gibler of the First Judicial District Court of

COMPLAINT - 1

Idaho, Bonner County, regarding Plaintiff HERNDON'S belief that violations of Idaho law had occurred with respect to the treatment of an inmate.

3.       The Bonner County Sheriff's Office Rules for Religious Detention Volunteers (the "Regulations") impose on all chaplains a requirement that, as a condition of access to the inmates they serve, the volunteers agree to keep all information obtained while they are at the jail strictly confidential, and not communicate this information to anyone outside the jail.   This policy restricts chaplains' free speech rights. The regulations are not restricted to a ban on communication regarding criticism of the Sheriff's Department.   Rather, it bans all communications of any kind.

4.       Plaintiff HERNDON contends that both his exclusion and the Regulations violate the First Amendment right to freedom of expression and to free exercise of religion and that the Regulations are invalid as to their restriction on speech, and unconstitutionally vague or overbroad.

5.       In addition, Defendants' failure to establish a system for challenging the exclusion of Plaintiff HERNDON or any other religious advisor from the jail violates his right to due process.

## I. PARTIES

1.1       Plaintiff, SCOTT HERNDON (hereinafter "HERNDON"), resides in the District of Idaho and, until recently, served as a volunteer chaplain for inmates at the Bonner County Jail in Bonner County, Idaho.

1.2       Defendant DARYL WHEELER (hereinafter "WHEELER") is the Sheriff of Bonner County.  As the Sheriff, Defendant WHEELER is responsible for the Bonner County Jail facilities. Defendant WHEELER develops and administers policies regarding admission of chaplains and other volunteers to the jail as well as access to inmates.  Plaintiff HERNDON is informed and believes and thereon alleges that Defendant WHEELER resides in the District of Idaho.

COMPLAINT - 2

1.3     Defendant PHILIP KINZLER (hereinafter "KINZLER") is employed as the Sheriff's Chaplain of Bonner County. Plaintiff HERNDON is informed and believes and thereon alleges that Defendant KINZLER resides in the District of Idaho.

1.4     Defendant COUNTY OF BONNER (hereinafter the "COUNTY"), is an Idaho government entity, duly authorized and formed under the laws of the State of Idaho.

## II.  JURISDICTION AND VENUE

2.1     This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2.2     Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district, and because Defendants named herein reside in, maintain offices in, or are responsible for enforcing the laws relevant to this litigation in this District.

## III.  FACTUAL ALLEGATIONS

3.1     Plaintiff HERNDON has been a chaplain serving male inmates incarcerated at the Bonner County Jail as a volunteer since January of 2008.

3.2     In his capacity as Chaplain, HERNDON ministers to the male inmates housed in the jail operated by the Defendants.

3.3     HERNDON believes as a matter of religious principle and vocation that he is required to alleviate the suffering of these male inmates not only through spiritual guidance, but also through direct assistance.

3.4     Defendant WHEELER is the Sheriff of Bonner County.

3.5     Pursuant to I.C. § 20-601, WHEELER, in his capacity as Sheriff, is responsible for the Bonner County Jail facility.

3.6     Defendant KINZLER, is the appointed Sheriff's Chaplain for Bonner County.

3.7     KINZLER is responsible for overseeing the application process for chaplains and other volunteers to the jail.  He also supervises the ongoing activities of the chaplains.

COMPLAINT - 3

3.8     WHEELER develops and administers policies regarding admission of chaplains and other volunteers to the jail as well as their access to inmates.

3.9     In the course of ministering to the male inmates, HERNDON became aware of the circumstances of inmate Keith Allen Brown (hereinafter "inmate Brown"), who was being housed at the jail awaiting trial on charges of Murder I and Grand Theft by Possession in the Idaho State Court.

3.10    Inmate Brown, by court order of the Bonner County District Court of Idaho, had been found to have a "mental disease" or "mental defect" and that he lacked "the capacity to make informed decisions about treatment": of his "mental defect."

3.11    During one of their discussions inmate Brown told HERNDON that his public defender had no contact with him for at least six months.

3.12    Inmate Brown also told HERNDON that a psychologist who had evaluated him told him he had no mental defects.  According to inmate Brown, the psychologist failed to discuss any treatment for mental health issues as inmate Brown was not informed that he was suffering from any mental illness.

3.13    Pursuant to Idaho Code § 18-211(5)(d), under which inmate Brown was committed, a finding of lack of capacity to make informed decisions about treatment requires the examiner to conscientiously explain treatment to the inmate.  Since inmate Brown alleged this had not been done, HERNDON reasonably believed that there had been a violation of law and an issue of public concern.

3.14    Based on HERNDON'S nine months of personal experience with inmate Brown through weekly spiritual counseling, HERNDON was doubtful that inmate Brown was mentally diseased.

3.15    HERNDON believed inmate Brown to be a model inmate who was liked by the other inmates in his pod as well as the other volunteer chaplains.

3.16    The psychological report that was used for the determination was sealed.

3.17    Inmate Brown told HERNDON he had never seen the psychological report and had never been present in court when the results were discussed.

3.18    HERNDON believed that pursuant to I.C. § 18-211(8), inmate Brown should have been given an option to be examined by an examiner of his choice, but this option was never offered.

COMPLAINT - 4

3.19    HERNDON believed that all of the circumstances surrounding the commitment of inmate Brown seemed to be an issue of public concern.

3.20    On September 10, 2008, an amended order of commitment was issued in inmate Brown's criminal case, which found that inmate Brown was "dangerously mentally ill" and committed him to the custody of the Idaho Department of Corrections.

3.21    On September 12, 2008, HERNDON drafted a letter to County District Court Judge Fred Gibler, who was presiding over inmate Brown's case, informing the Judge of HERNDON'S concerns as to the potential violation of Idaho law for which inmate Brown was suffering.  A true and correct copy of this letter is attached hereto as **EXHIBIT A**.

3.22    On September 13, 2008, a regularly scheduled monthly meeting of the Bonner County Jail volunteers was held with Defendant KINZLER presiding.

3.23    In this meeting KINZLER inquired about inmate Brown and HERNDON informed him of the letter he had drafted, as well as a letter sent by another chaplain, Dan Furtney.

3.24    KINZLER ordered that no assistance was to be provided to inmate Brown, and that if any letters were delivered to Judge Gibler, the volunteer chaplain would have to resign.

3.25    In the evening of September 13, 2008, HERNDON informed KINZLER, by email, that he did not believe that his letter warranted a resignation, and that a letter to support inmate Brown and raise issues of public concern was demanded by HERNDON'S religious principles, a copy of which is attached hereto as **EXHIBIT B**.

3.26    HERNDON also shared a copy of the letter to Judge Gibler with KINZLER and stated clearly that it would be mailed on September 15, 2008.

3.27    On September 14, 2008, HERNDON went to the Bonner County Jail to minister to the male inmates. Upon attempting to gain entrance to the facility, HERNDON was denied access and told by the sergeant on duty that his right to enter the jail had been revoked.

3.28    Upon returning home, HERNDON found he had received an email from KINZLER that stated he was no longer a chaplain at the jail, a copy of which is attached hereto as **EXHIBIT B**.

3.29    HERNDON mailed his letter to Judge Gibler on September 15, 2008.

3.30    KINZLER mailed a letter to Judge Gibler on September 15, 2008, stating that he had asked HERNDON to resign, a copy of which is attached hereto as **EXHIBIT C**.

COMPLAINT - 5

3.31    HERNDON, however, did not resign. Rather, he was barred from entering the Bonner County Jail. To the best of HERNDON'S knowledge, he had no way to contest this decision.

3.32    On March 11, 2009, HERNDON received a letter from Sheriff WHEELER stating that he would not reverse the decision of KINZLER, a copy of which is attached hereto as **EXHIBIT D**.

3.33    Neither Defendant WHEELER, Defendant KINZLER, nor any other representative of the Sheriff's Department or the COUNTY has ever contended that HERNDON in any way has interfered with the operations of the jail, or presents a threat to the safety or security of the jail.

3.34    Since September 14, 2008, HERNDON has not been permitted access to the jail or permitted to minister to male inmates incarcerated there.

3.35    As a result of HERNDON'S exclusion, HERNDON has been unable to perform his duties as chaplain and the male inmates have been deprived of their relationship with their spiritual advisor.

3.36    On November 26, 2008, inmate Brown was found by Idaho Department of Corrections psychologists Richard Craig and Thomas Goulder to be mentally competent to stand trial, with an accurate knowledge of the legal system and an ability to assist in his own defense.

3.37    Plaintiff HERNDON seeks to have his access to the jail restored so that he can continue his ministry.

3.38    Plaintiff HERNDON further seeks to enjoin enforcement of the Regulations so far as they restrict the free speech of volunteer chaplains, and a declaration that prohibiting access to the jail on the basis of lawful communications is unconstitutional.

## IV.    CLAIM FOR VIOLATION OF THE RIGHT TO FREEDOM OF SPEECH AND FREE EXERCISE OF RELIGION

4.1    Defendants, have imposed on all chaplains a requirement that, as a condition of access to the inmates they serve, they agree to keep all information related to those inmates confidential outside of the jail.

4.2     Defendants while acting under color of law, have developed and maintained invalid, vague and overbroad customs, policies, and practices that deprive HERNDON of his constitutional rights in violation of 42 U.S.C. §1983.

4.3     Defendants' policies and practices in regulating speech and in denying HERNDON access to the jail denied HERNDON his right to freedom of speech and his right to free exercise of religion as guaranteed by the First Amendment to the United States Constitution.

## V.     CLAIM FOR VIOLATION OF DUE PROCESS

5.1     Defendants, while acting under the color of law, have developed and maintained invalid, vague and overbroad customs, policies and practices that deprive HERNDON of constitutional rights in violation of 42 U.S.C. §1983.

5.2     By failing to provide clear policies and a process to contest rulings, Defendants have deprived HERNDON of due process guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff requests judgment against Defendants, as follows:

1.     An injunction prohibiting Defendants from;

    i.   Denying HERNDON access to the jail;

    ii.   Enforcing a policy that requires chaplains, as a condition of gaining access to inmates, to keep all communications with inmates confidential outside the confines of the jail, under any circumstance regardless of whether the inmate has consented to or requested release of the information;

    iii.   Enforcing any policy set forth in the Regulations that unlawfully restricts a chaplain's right to free speech;

    iv.   Denying HERNDON access to the jail without due process of law

2.     Declare that DEFENDANTS' policy that requires chaplains, as a condition of gaining access to inmates, to keep all communications with inmates confidential outside the

confines of the jail, regardless of whether the inmate has consented to or requested release of the information violates the First Amendment as a restriction on freedom of speech.

3.      Award Plaintiff HERNDON his reasonable attorney's fees and costs;

4.      Any other and further relief that the court considers proper.

DATED this 18ᵗʰ day of May, 2009.


                              BERG & McLAUGHLIN, CHTD.

                              By: _____
                                  TOBY McLAUGHLIN
                                  Attorneys for Plaintiff


COMPLAINT - 8

# EXHIBIT A

September 12, 2008

RECEIVED

SEP 19 2008

BONNER COUNTY
PUBLIC DEFENDER

District Judge Fred Gibler
Shoshone County Courthouse
700 Bank Street
PO Box 527
Wallace, ID 83873-0527

Isabella Robertson
Bonner County Public Defender
406 S. Ella Street
Sandpoint, ID 83864

Philip Robinson
Bonner County Prosecuting Attorney
c/o Bonner County Courthouse
215 S. 1st Ave.
Sandpoint, ID 83864

Keith Brown
c/o Bonner County Jail
4001 N. Boyer Ave.
Sandpoint, ID 83864

Re: Case #CR-07-0002454, State of Idaho v. Keith A. Brown

Dear Judge Gibler,

My name is Scott Herndon, and I am a resident of Bonner County, Idaho.  In my capacity
as a chaplain at the Bonner County Jail, over the last 8 months I have become well
acquainted with Keith Brown of the above-referenced case.

I am aware of the recent commitment order regarding Keith Brown pursuant to Idaho
Code 18-211 and 18-212.  I am also aware of the amendment to the order citing Idaho
Code 66-1305.

As a resident of the county, a friend of the defendant, and not as a chaplain, I am writing
first in regards to a legal issue I would ask the court to review.

I have read the Idaho Code cited.  I understand the orders for commitment contain the
key findings that Keith A. Brown has a mental disease or defect and 1) lacks the capacity
to assist in his own defense, and 2) lacks the capacity to make informed decisions about
treatment.

I also understand these conclusions were mainly derived from a report by licensed
psychologist Carl Haugen, which report is sealed and unavailable to the public.

My concern is that in my reading of Idaho Code 18-211(5)(d), the code states that

> "Lack of capacity to make informed decisions about treatment" means the
> defendant's inability, by reason of his mental condition, to achieve a rudimentary
> understanding of the purpose, nature, and possible significant risks and benefits of
> treatment, **after conscientious efforts at explanation.**

Keith Brown has stated to me that at no time did Carl Haugen or any other person tell
him what his mental disease or defect was, **nor did any person make any conscientious**

effort to explain treatment as the code seems to require in the subsection 18-211 (5)(d) cited above.

I ask you Judge Gibler if you can please determine if indeed a conscientious effort was made to explain the disease and treatment to Keith Brown, and if none was made, I would ask you to consider amending your order of commitment to remove this finding.

The second point of my letter is that my personal experience, as a chaplain, spiritually counseling Keith Brown on a weekly basis since February 2008, suggests to me that he is perfectly capable of understanding the proceedings against him and in assisting in his own defense and that he is not mentally defective. I have spoken with many of the chaplains who have had regular contact with him since he was incarcerated at the Bonner County Jail in March 2007, and they concur.

Based on the public record and what Keith Brown has told me, it seems his main problem with assisting in his own defense has been his strategy conflicts with his counsel. I know from the newspaper that both parties have previously petitioned the court to be separated from each other as counsel and client, and the court has previously denied these motions. Rather than committing Keith Brown as mentally defective under Idaho Code 18-210, I would suggest the state could move forward with its criminal charges against Keith Brown if someone, such as me, was appointed to act as spiritual counselor to Keith Brown to mediate his relationship to his current defense counsel. Alternately, other defense counsel could be appointed. I would ask the court to consider these options, as I believe the residents of Bonner County desire and would best be served by moving this matter forward to trial so that the state could present its evidence and a jury of Keith Brown's peers could make a decision based on that evidence.

I pray you would immediately consider the two points of this letter, and I thank you for your time.

Respectfully,

Scott M. Herndon
246 Otts Road
Sagle, ID  83860
Ph. (208) 610-2680

# EXHIBIT B

**herndon62@peoplepc.com**

| | |
|---|---|
| **From:** | "Daniel Furtney" <d.cfurtney@yahoo.com> |
| **To:** | "Scott herndon" <herndon62@peoplepc.com> |
| **Sent:** | Saturday, February 21, 2009 8:52 AM |
| **Subject:** | Fw: Re: Keith Brown |

--- On **Mon, 9/15/08, Scott Herndon <*sherndon67@wildblue.net*> wrote:

From: Scott Herndon <sherndon67@wildblue.net>
Subject: Fw: Re: Keith Brown
To: jesus165@verizon.net, cdauto@peoplepc.com, d.cfurtney@yahoo.com,
carrcrk@peoplepc.com, parkplace@sandpoint.net
Date: Monday, September 15, 2008, 7:40 PM

```
Here is a letter example that Phil and Brian both like.

Do with it what you will.

Scott


----- Original Message ----- From: "Phil Kinzler"
<phil@sandpoint.net>
To: <pastorbriannoble@verizon.net>; "'Scott Herndon'"
<sherndon67@wildblue.net>
Sent: Monday, September 15, 2008 7:37 AM
Subject: RE: Re: Keith Brown


I like it.

Phil

-----Original Message-----
From: pastorbriannoble@verizon.net [mailto:pastorbriannoble@verizon.net]
Sent: Monday, September 15, 2008 7:12 AM
To: Phil Kinzler; Scott Herndon
Cc: Brian Noble
Subject: Re: Re: Keith Brown

Scott

I am not sure how to start this email. So I will try and not stumble over my
words. I, like you, want to glorify God in all things (1 Cor. 10:31).  I thought
it may be helpful to show you what I would consider an acceptable letter to a
judge as a chaplain. Phil has not seen what I am going to write. Phil feel free
to share your opinion if you would like with agreements or disagreements.

So here is how the letter would go

Dear Judge _____

My name is Scott and I am a chaplain at the Bonner County Jail. It has been
```

brought to my attetion by Keith Brown and by the Daily Bee Newspaper that Keith was evaluated and decisions made to mental ststaus. I have spent about 8 months at 1 hour a week with Keith around 32 hours. I would like to share what I have seen.

Keith and I have done many bible studies and have prayed together. I have found him to be very articulate, able to retain information, able to diologe and make decisions well. I have also found him to be a leaader with in the pod. Helpful to other inmates. My dialogue with Kieth has been positive.

Judge _____ i know you have a lot of responsibility in these cases. I also know that as a judge you must be just, have great wisdom, and discernment. I will pray that you will have this in the case with Keith Brown.

I hope you find this helpful and if you have any questions about my experience with Keith Brown plesse do not hesitate to call.

Sincerely

Scott

Scott - what do you think about this suggested letter?
Phil - What do you think about this?

the line I am trying to walk is raising awareness with out stepping into the legal realm.

Scott I can send sample letters that I have sent to judges before and maybe that will help you.

I hope this helps

Brian Noble

From: Scott Herndon <sherndon67@wildblue.net>
Date: 2008/09/14 Sun PM 09:05:32 CDT
To: Phil Kinzler <phil@sandpoint.net>
Cc: Brian Noble <pastorbriannoble@verizon.net>
Subject: Re: Keith Brown

Brian and Phil, You have both influenced me to re-write my letter in a way that makes it clear that I am not writing in my official capacity as chaplain. I have separated my first point, which is a legal issue, as the concern of a friend of Keith. The 2nd issue pertains to his mental illness, which I disagree with based on my knowledge of him in a spiritual counselor role, so there is obvious reference to my chaplaincy there. I have removed any reference to the Idaho Chaplain Corps from the letter. Brian, e-mail being what it is, my last e-mail to Phil could be interpreted as incendiary. I have told Phil on the phone that it is meant in the spirit of genuine debate.  The first line is not meant to inflame but was written in response to what is Phil's obvious concerns about legal liability of the corporation.
Scott The letter now:
September 12, 2008

District Judge Fred Gibler                          Isabella Robertson
<?xml:namespace prefix = st1 ns =
"urn:schemas-microsoft-com:office:smarttags" />Shoshone County
Courthouse BonnerCounty Public Defender

700 Bank Street
Street
PO Box 527
83864
Wallace, ID  83873-0527

406 S. Ella

Sandpoint, ID

Philip Robinson
Bonner CountyProsecuting Attorney
c/o Bonner County Courthouse
215 S. 1stAve.
83864
Sandpoint, ID  83864

Keith Brown
c/o Bonner County Jail
4001 N. Boyer Ave.

Sandpoint, ID

Re: Case #CR-07-0002454, State of Idaho v. Keith A. Brown

Dear Judge Gibler,

My name is Scott Herndon, and I am a resident of Bonner County, Idaho.  I am
also a chaplain at the Bonner County Jail and over the last 8 months and in the
capacity of chaplain have become well acquainted with Keith Brown of the
above-referenced case.

I am aware of the recent commitment order regarding Keith Brown pursuant to
Idaho Code 18-211 and 18-212.  I am also aware of the amendment to the order
citing Idaho Code 66-1305.

As a resident of the county, a friend of the defendant, and not as a chaplain,
I am writing in regards to a legal issue I would ask the court to review.

I have read the Idaho Code cited.  I understand the orders for commitment
contain the key findings that Keith A. Brown has a mental disease or defect and
1) lacks the capacity to assist in his own defense, and 2) lacks the capacity to
make informed decisions about treatment.

I also understand these conclusions were mainly derived from a report by
licensed psychologist Carl Haugen, which report is sealed and unavailable to the
public.

My first concern is that in my reading of Idaho Code 18-211(5)(d), the code
states that

"Lack of capacity to make informed decisions about treatment" means the
defendant's inability, by reason of his mental condition, to achieve a
rudimentary understanding of the purpose, nature, and possible significant risks
and benefits of treatment, after conscientious efforts at explanation.

Keith Brown has stated to me that at no time did Carl Haugen or any other
person tell him what his mental disease or defect was, nor did any person make
any conscientious effort to explain treatment as the code seems to require in
the subsection 18-211 (5)(d)cited above.

I ask you Judge Gibler if you can please determine if indeed a conscientious
effort was made to explain the disease and treatment to Keith Brown, and if none
was made, I would ask you to consider amending your order of commitment to
remove this finding.

The second point of my letter is that my personal experience, as a chaplain,
spiritually counseling Keith Brown on a weekly basis since February 2008,
suggests to me that he is perfectly capable of understanding the proceedings
against him and in assisting in his own defense and that he is not mentally

defective.  I have spoken with many of the chaplains who have had regular contact with him since he was incarcerated at the Bonner County Jail in March 2007, and they concur.

Based on the public record and what Keith Brown has told me, it seems his main problem with assisting in his own defense has been his strategy conflicts with his counsel.  I know from the newspaper that both parties have previously petitioned the court to be separated from each other as counsel and client, and the court has previously denied these motions.  Rather than committing Keith Brown as mentally defective under Idaho Code 18-210, I would suggest the state could move forward with its criminal charges against Keith Brown if someone, such as me, was appointed to act as spiritual counselor to Keith Brown to mediate his relationship to his current defense counsel.  Alternately, other defense counsel could be appointed.  I would ask the court to consider these options, as I believe the residents of Bonner County desire and would best be served by moving this matter forward to trial so that the state could present its evidence and a jury of Keith Brown's peers could make a decision based on that evidence.

I pray you would immediately consider the two points of this letter, and I thank you for your time.

Respectfully,


Scott M. Herndon
246 Otts Road
Sagle, ID 83860
Ph. (208) 610-2680  ----- Original Message -----   From: Scott    Herndon To: Phil Kinzler   Cc: Brian Noble ; jesus165@verizon.net ; ixoye7@verizon.net ; d.cfurtney@yahoo.com ; cdauto@peoplepc.com ; sidekixtkd@aol.com   Sent: Sunday, September 14, 2008 3:40  PM  Subject: Re: Keith Brown
Well I will say this Phil - you can protect your fiefdom/institution/chaplain corps all you want, but I guarantee I am loving Keith Brown and am directed by the Spirit and serve the High King in this matter.  This is not "my cause" but God's.  Did you read the scripture I referred you to in the e-mail?  I will give you another  one: Proverbs 24:10-12 - If thou faint in the day of  adversity, thy strength is small.  If thou forbear to deliver them that are drawn unto death, and those that are ready to be slain; If thou sayest, Behold, we knew it not; doth not he that pondereth the heart consider it? and he that keepeth thy soul, doth not he know it? and shall not he render to every man according to his own works?    I will reiterate what I said to you today  Phil.  I have visited Keith Brown every week for the past 8 months, and  usually spend at least an hour with him.  It does not take a  psychological degree to determine if someone is mentally ill or demon  filled.  It takes the Spirit of God.  All knowledge, wisdom and  understanding comes from Him, not from a college degree.  Keith Brown is  not mentally ill, and this is a railroad ticket for him out of town without  due process.   I am not ignorant - maybe Keith is a very good  liar and is guilty of Murder 1.  Fine, he is entitled to due process and  the state's burden to prove it beyond a reasonable doubt to a jury of his  peers.   As to Carl Haugen, the psychologist with a PHD  who examined him, who also has a divinity degree and a good  reputation...  A divinity degree does not make you born again or knowledgable, and a PHD and a good reputation does not mean you are capable beyond mistake of proving someone is "mentally ill".    You say your mission is to love the inmates, do   what is right and be directed by the Spirit.  I am perfectly fulfilling  that commission, but what about you?  You said yourself yesterday that   you have purposefully avoided Keith for the year and a half that he has been   in the jail and have very little knowledge of him.

Doesn't that    mean you are the one not fulfilling the mission of the
Idaho Chaplain    Corps?    In Christ,    Scott on    ----- Original Message
-----    From:    Phil    Kinzler    To: 'Scott Herndon'    Cc:
Brian Noble    Sent: Sunday, September 14, 2008 12:27    PM    Subject: RE:
Keith Brown

Scott,    please resign and turn your badge in.  I do not want the ICC drawn
into    this deal.  If the ICC can be sued (and it has) by an inmate because a
    chaplain does not bring in oils to accommodate his Native American religion
    then surely Keith could sue us for not handling his case    correctly.    We
have a very specific purpose: to do what is right, to love the inmates and be
directed by the Spirit, but you need to carry out "your cause" under your
own name.    Very clear direction was given yesterday and I am saddened by your
rejection of it.

Let's    talk.

Phil

From: Scott Herndon    [mailto:sherndon67@wildblue.net]
Sent: Saturday, September 13,    2008 9:54 PM
To: phil@sandpoint.net; jesus165@verizon.net; pastorbriannoble@verizon.net;
ixoye7@verizon.net; dcfurtney@yahoo.com; cdauto@peoplepc.com; sidekixtkd@aol.com
Subject: Keith    Brown

Brothers,

Thank you for the    meeting today and the discussion of Keith Brown.  I am
sending this    e-mail to a limited audience of the chaplain corps, most of
whom have    participated in the ongoing discussion today or by phone.    I
mentioned    that I had written a letter to the court in regards to Keith
Brown, and I    believe it is very respectful and contains a genuine query and
accurate    data.  I have not sent this letter as of yet, and I indicated to
Phil    Kinzler that I wouldn't if I believed it would compromise the
chaplain    corps.

I have prayed    about this today and previously, and I have received counsel.
 I have    concluded that this letter is not out of bounds in relation to the
rules of    the chaplain corps.  I know it is not out of bounds in relation to
the    high calling of our Lord Jesus Christ.  In that regard, I would refer
you to the scriptures of Matthew 5:40-48, John 15:13, 1 Cor 13:1-8 and James
2:15-20.

Though I do not    know for sure, based on his prayers, letters and his fruit
in the jail, I    believe Keith Brown may be a Christian.  Frankly, even if he
    were not, the parable of the good Samaritan has much to say about our
calling.  If we saw a guard beating an inmate undeservedly, would we    step in
or stick to our narrow commission.  Spiritual matters can not    always be
separated from practical matters.  Jesus taught that when    those who are
without see the love we have for the brethren, they will know    the Father
sent the Son.  Love includes reasonable    works.

So, I am    attaching the letter to this e-mail and will be mailing it Monday.
 I    believe it is within bounds of our commission and do not plan to resign
from    the chaplain corps for this particular action.  If you believe I should
    be expelled, you may feel free to take it in prayer to our heavenly Father
and vote at the next meeting.

If I am called by    our Father to take any other actions on Keith's
behalf that would compromise    the mission of the chaplain corps, I will

consult with you all and would    resign before so doing, if appropriate.

If I am wrong,    the Lord will judge me, but my conscience is clear after much prayer, and I    would like to remind you all that our success in ministry at the jail is not    because of our clever devices but because God has opened the door.  I    also know that God doesn't need me to advocate for Keith Brown, but He    does use our weak vessels for His purposes, and if I fail, His will will be    done without me.

In Christ and    respectfully to you all,

Scott    Herndon


September 12, 2008

District Judge Fred    Gibler                          Isabella
Robertson
Shoshone County    Courthouse                      Bonner
County Public Defender
700 Bank    Street                               406 S.
Ella Street
PO Box    527 Sandpoint, ID  83864
Wallace, ID 83873-0527


Philip    Robinson                              Keith
Brown
Bonner County Prosecuting    Attorney            c/o Bonner
County Jail
c/o Bonner County    Courthouse                4001 N. Boyer Ave.
215 S. 1st    Ave. Sandpoint, ID  83864
Sandpoint, ID  83864

Re: Case #CR-07-0002454, State of Idaho v. Keith A.    Brown

Dear Judge Gibler,

My name is Scott Herndon, and I am a resident of Bonner    County, Idaho. I am also a chaplain at the Bonner County Jail and over    the last 8 months have become well acquainted with Keith Brown of the above-referenced case.

I am aware of the recent commitment order regarding Keith    Brown pursuant to Idaho Code 18-211 and 18-212.  I am also aware of the    amendment to the order citing Idaho Code 66-1305.

Though I am not an attorney, I have reviewed the Idaho    Code cited.  I understand the orders for commitment contain the key    findings that Keith A. Brown has a mental disease or defect and 1) lacks the    capacity to assist in his own defense, and 2) lacks the capacity to make    informed decisions about treatment.

I also understand these conclusions were mainly derived    from a report by licensed psychologist Carl Haugen, which report is sealed    and unavailable to the public.

I am writing to address two issues I would ask the court    to consider. The first is that in my review of Idaho Code    18-211(5)(d), the code states that

"Lack of capacity to make    informed decisions about treatment" means the

defendant's inability, by      reason of his mental condition, to achieve a rudimentary understanding of    the purpose, nature, and possible significant risks and benefits of      treatment, after conscientious efforts at explanation.

Keith Brown has stated to me that at no time did Carl      Haugen or any other person tell him what his mental disease or defect was,      nor did any person make any conscientious effort to explain treatment      as the code seems to require in the subsection 18-211 (5)(d)      cited above.

I ask you Judge Gibler if you can please determine if      indeed a conscientious effort was made to explain the disease and treatment      to Keith Brown, and if none was made, I would ask you to consider amending your order of commitment to remove this finding.

The second point of my letter is that though I am not a      licensed psychologist, my personal experience with Keith Brown on a weekly      basis since February 2008 would suggest that he is perfectly capable of understanding the proceedings against him and in assisting in his own defense.  I have spoken to many of the chaplains who have had regular contact with him since he was incarcerated at the Bonner County Jail in March 2007, and they concur.

Based on my experience with Keith Brown, it seems to me      that his main problem with assisting in his own defense has been his      strategy conflicts with his counsel.  I know both parties have      previously petitioned the court to be separated from each other as counsel      and client, and the court has previously denied these motions.  Rather      than committing Keith Brown as mentally defective under Idaho Code 18-210, I would suggest the state could move forward with its criminal charges against Keith Brown if someone such as myself was appointed to act as counselor to Keith Brown to mediate his relationship to his defense counsel.  It might be a novel idea, but I would ask the court to consider it, as I believe the residents of Bonner County desire and would best be served by moving this matter forward to trial so that the state could present its evidence and a jury of Keith Brown's peers could make a decision based on that evidence.

I pray you would immediately consider the two points of      this letter, and I thank you for your time.

Respectfully,


Scott M. Herndon
Chaplain, Bonner County Jail, Idaho Chaplain      Corps
246 Otts Road
Sagle, ID  83860
Ph. (208) 610-2680

# EXHIBIT C



# BONNER COUNTY SHERIFF'S OFFICE

*Daryl Wheeler, Sheriff • Robert Bussey, Undersheriff*

March 9, 2009

**Scott M. Herndon**
246 Otts Road
Sagle, ID 83860

Re:   **Chaplain Ministry at the Bonner County Jail**

Dear Mr. Herndon:

I am in receipt of your February 16, 2009, correspondence to me regarding your status as a volunteer chaplain at the Bonner County Jail. I have had an opportunity to review this matter along with speaking with Jail Chaplain Phil Kinzler.

Please be advised that I am unwilling to rescind Chaplain Kinzler's decision that you may not return to the Bonner County Jail in the capacity of a chaplain. You have clearly violated the Rules for Religious Detention Volunteers that you agreed to comply with.

I find your analogy to the Javier Stauring situation in Los Angeles and the Hyland V. Wonder case to be unpersuasive. You are certainly entitled to take any legal recourse you deem necessary.

At this time I consider this matter to be closed.

Sincerely,

**DARYL WHEELER**
**Bonner County Sheriff**

cc:   Philip Kinzler, Bonner County Sheriff's Chaplain

DW:lmb

---

4001 North Boyer Avenue, Sandpoint Idaho 83864   •   (208) 263-8417   •   Fax (208) 265-4378

# EXHIBIT D

# BONNER COUNTY
# SHERIFF'S OFFICE

Elaine Savage, *Sheriff*   •   Charlie Dennis, *UnderSheriff*

September 15, 2008

RECEIVED

SEP 1 5 2008

BONNER COUNTY
PUBLIC DEFENDER

District Judge Fred Gibler
Shoshone County Courthouse
700 Bank Street
PO Box 527
Wallace, ID  83873-0527

Isabella Robertson
Bonner County Public Defender
406 S. Ella Street
Sandpoint, ID 83864

Philip Robinson
Bonner County Prosecuting Attorney
c/o Bonner County Courthouse
215 S. 1st Ave.
Sandpoint, ID 83864

Re: Case #CR-07-0002454, State of Idaho v. Keith A. Brown

Dear Judge Gibler,

I am the Bonner county sheriff's chaplain and the chairman of the Idaho Chaplains Corps.  As such, I have supervisory responsibility over the chaplains who visit inmates in the Bonner County Jail.  It is my understanding that you have received a letter from one of our chaplains, Dan Furtney, and will receive one from Scott Herndon.  Both of these individuals have had access to Keith Brown over the past several months and have been zealous in their efforts to "assist" him.

I am very concerned, however, that their own zealous efforts have been in conflict with the mission statement of the Idaho Chaplains Corps.  Simply, we are in the jails to tend to inmates spiritual matters through prayer, bible studies and a "loving ear".  I have asked Scott Herndon to resign because of his use of our name to assist his own personal purposes.  I have not yet spoken with Dan Furtney, but I will ask him to resign as chaplain if his goals are the same.

Please accept my apology for this intrusion in this case.  We have no desire to involve ourselves in this fashion.

Sincerely,

Philip L. Kinzler
Bonner County Sheriff's Chaplain

4001 North Boyer Avenue  •  Sandpoint, Idaho 83864  •  (208) 263-8417