Scott Bauer
Office of the Bonner County Prosecutor
118 S. 3d Ave.
Sandpoint, ID 83864
Telephone: (208)263-6714
Facsimile: (208)263-6726
Idaho Bar No. 7927

IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

| | |
|---|---|
| SCOTT HERNDON,<br><br>        Plaintiff(s),<br>vs.<br><br>DARYL WHEELER, in his official capacity as Sheriff of Bonner County; PHILIP KINZLER, in his capacity as Bonner County Sheriff's Chaplain; and COUNTY OF BONNNER, IDAHO,<br><br>        Defendant(s), | NO. 2:09-CV-238<br><br>ANSWER |

    DEFENDANTS Daryl Wheeler, Sheriff of Bonner County, Idaho, and Philip Kinzler, in his capacity as Sheriff's Chaplain, and Bonner County, by and through their attorney of record, Scott Bauer, and in answer to Plaintiffs' First Amended Complaint, hereby admit, deny, and allege as follows:

**GENERAL DENIAL**

PLEADING - 1

Defendants deny each and every allegation of Plaintiffs' Amended Complaint not expressly and specifically admitted in this Answer. The paragraph numbers referenced in this Answer correspond to the numbered paragraphs in Plaintiffs' Amended Complaint.

## **INTRODUCTION.**

1. Paragraph 1 contains legal argument to which no response is required, to the extent a response is required the Defendant denies the same.
2. Defendants deny Paragraph 2, with the qualification that Plaintiff agreed under no protest or compulsion to sign a religious volunteer detention agreement in which Plaintiff promised that "(35) I will never accept personal service from or perform a personal service for any inmate unless it has been cleared in advance by proper institutional authorities. This includes making telephone calls, mailing letters, or delivering messages or packages to anyone in the community or another part of the institution." By providing said information to Judge Fred Gibler without having cleared in advance by proper institutional authorities, Plaintiff did break his oath.
3. Defendants deny that the Religious Volunteer Agreement "bans all communications of any kind" as alleged by Plaintiff on the grounds that the Volunteer Agreement provides for review by proper institutional authorities as follows where it states "unless it has been cleared in advance by proper institutional authorities." Defendants admit that the Religious Detention Volunteer Agreement restricts certain speech rights in and for the public interest.
4. Paragraph 4 contains legal argument to which no response is required, to the extent a response is required the Defendants deny the same.
5. Paragraph 5 contains legal argument to which no response is required, to the extent a response is required the Defendants deny the same.

## **I. Parties**

1.1     Defendants admit Paragraph 1.1.
1.2     Defendants admit Paragraph 1.2.
1.3     Defendants admit Paragraph 1.3

1.4        Defendants admit Paragraph 1.4

## II. JURISDICTION AND VENUE.

2.1        Paragraph 5 contains legal argument to which no response is required, to the extent a response is required the Defendants deny the same.

2.2        Defendants admit Paragraph 2.2.

## III. FACTUAL ALLEGATIONS.

3.1        Defendants admit Paragraph 3.1.

3.2        Defendants admit Paragraph 3.2

3.3        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.3 and, therefore, deny the same subject to additional discovery.

3.4        Defendants admit Paragraph 3.4

3.5        Defendants admit Paragraph 3.5

3.6        Defendants admit Paragraph 3.6

3.7        Defendants admit Paragraph 3.7

3.8        Defendants admit Paragraph 3.8

3.9        Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.9 and, therefore, deny the same subject to additional discovery.

3.10       Defendants admit Paragraph 3.10.

3.11       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.11 and, therefore, deny the same subject to additional discovery.

3.12       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.12 and, therefore, deny the same subject to additional discovery.

3.13    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.13 and, therefore, deny the same subject to additional discovery.

3.14    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.14 and, therefore, deny the same subject to additional discovery.

3.15    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.15 and, therefore, deny the same subject to additional discovery.

3.16    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.16 and, therefore, deny the same subject to additional discovery.

3.17    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.17 and, therefore, deny the same subject to additional discovery.

3.18    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.11 and, therefore, deny the same subject to additional discovery.

3.19    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.19 and, therefore, deny the same subject to additional discovery.

3.20    Paragraph 3.20 contains legal argument to which no response is required, to the extent a response is required the Defendants deny the same.

3.21    Defendants admit Paragraph 3.21.

3.22    Defendants admit Paragraph 3.22.

3.23    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.23 and, therefore, deny the same subject to additional discovery.

3.24    Defendants admit Paragraph 3.24.

3.25 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.25 and, therefore, deny the same subject to additional discovery.

3.26 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.26 and, therefore, deny the same subject to additional discovery.

3.27 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.27 and, therefore, deny the same subject to additional discovery.

3.28 Defendants admit Paragraph 3.28.

3.29 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.29 and, therefore, deny the same subject to additional discovery.

3.30 Defendants admit Paragraph 3.30.

3.31 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.31 and, therefore, deny the same subject to additional discovery.

3.32 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.32 and, therefore, deny the same subject to additional discovery.

3.33 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.33 and, therefore, deny the same subject to additional discovery.

3.34 Defendants admit Paragraph 3.34.

3.35 Defendants deny Paragraph 3.35.

3.36 Defendants admit Paragraph 3.36.

3.37 Paragraph 3.37 contains legal argument to which no response is required, to the extent a response is required the Defendants deny the same.

3.38 Paragraph 3.38 contains legal argument to which no response is required, to the extent a response is required the Defendants deny the same.

## IV. CLAIM FOR VIOLATION OF THE RIGHT TO FREEDOM OF SPEECH AND FREE EXERCISE OF RELIGION.

4.1    Defendants admit Paragraph 4.1.

4.2    Defendants deny Paragraph 4.2.

4.3    Defendants deny Paragraph 4.3.

## V. CLAIM FOR VIOLATION OF DUE PROCESS

5.1.   Defendants deny Paragraph 5.1.

5.2.   Defendants deny Paragraph 5.2

## VI. AFFIRMATIVE DEFENSES.

6.1 Defendants are not liable in their official capacities.

6.2 Plaintiffs' allegations do not rise to the level of a violation of a constitutional or statutory right.

6.3 Defendants are immune from liability pursuant to the absolute and/or qualified immunity doctrine.

6.4 Plaintiff is barred from bringing this action based on doctrines of waiver and estoppel.

## VII. PRAYER FOR RELIEF.

WHEREFORE, DEFENDANTS PRAY FOR JUDGEMENT AS FOLLOWS:

1. That Plaintiff's Complaint be dismissed and plaintiffs recover nothing thereby;
2. That Defendants be awarded their costs of suit and reasonable attorneys fess as provided by the laws of the State of Idaho and under federal law pursuant to 42 U.S.C. §1988, and any other applicable law; and
3. That defendants be awarded such other relief as the Court deems proper

DATED this 25 day of June, 2009.

                                Office of the Bonner County Prosecutor.


                                By:_____/S/_____
                                   SCOTT BAUER
                                   Attorneys for DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25 day of June, 2009, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

D. Toby McLaughlin, Attorney for Plaintiff,

 [toby@sandpointlaw.com]

                                                                                              _____/s/_____
                                                                                                      D. Scott Bauer